CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 11-12852      DIVISION " L "      SECTION ( 6 )

IN RE: MEDICAL REVIEW PANEL

SHEILA T. HONORE

VERSUS

ST. THOMAS COMMUNITY HEALTH CENTER, INC.; ANY AND ALL EMPLOYEES OF ST. THOMAS COMMUNITY HEALTH CENTER, INC.; ANY AND ALL CONTRACT HEALTH CARE SERVICE PROVIDERS OF ST. THOMAS COMMUNITY HEALTH CENTER, INC.; STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE AND LOUISIANA STATE UNIVERSITY SCHOOL OF PUBLIC HEALTH; LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS AND MARY M. ABELL, M.D.; CHANIEL AGE, N.P.; M. JANE CLAYTON, M.D. AND ABC INSURANCE COMPANY

FILED: _____     _____
                                    DEPUTY CLERK

**PETITION FOR DAMAGES**

The Petition of Sheila T. Honore, a person of the full age of majority, with respect represents:

1.

**Made defendant herein are:**

1.  **St. Thomas Community Health Center, Inc. (including any and all employees and any and all contract health care service providers who rendered treatment and/or medical treatment to Sheila T. Honore) (hereinafter "St. Thomas")**, upon information and believe, an independent, not for profit corporation owned and operated in the Parish of Orleans authorized to do and doing business in the State of Louisiana and self insured under the Louisiana Medical Malpractice Act;

2.  **The State of Louisiana, Through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Louisiana State University School of Public Health (hereinafter "LSU School of Public Health")**, upon information and belief a medical facility authorized to do and doing business in the State of Louisiana;

3.  **Louisiana Department of Health and Hospitals (hereinafter "DHH")**, a State organization which oversees the regulation of Louisiana Hospitals and Health Care Facilities;

4.  **Mary M. Abell, M.D.**, a person of the full age of majority, license to practice and actually practicing medicine in the State of Louisiana;

5.  **Chaniel Age, N.P.**, a person of the full age of majority, license to practice and actually practicing medicine in the State of Louisiana;

6.  **M. Jane Clayton, M.D.**, a person of the full age of majority, license to practice and actually practicing medicine in the State of Louisiana; and,

1

7. **ABC Insurance Company,** a domestic or foreign insurance company authorized to do and actually doing business in the State of Louisiana which, at all material times hereto, maintained in full force and effect plans, agreement, policies and/or contracts providing professional liability insurance coverage to the defendants, for the liability and damages asserted herein.

2.

Plaintiff, Sheila T. Honore, consistently followed and had regular breast examinations, mammograms and ultrasounds at St. Thomas Community Health Center, Inc., which was sponsored by the LSU School of Public Health in 2008, 2009 and 2010.

3.

Upon information and belief it is believed that the Louisiana Department of Health and Hospitals oversees the actions of the St. Thomas Community Health Center, Inc. and the LSU School of Public Health.

4.

In March 2010, Ms. Honore developed a lump under her left arm in the axillary area and notified Chaniel Age, the Nurse Practitioner at St. Thomas. She was examined by Nurse Age and was told that there was nothing to worry about. On March 9, 2010 she was sent for a mammogram. On March 16, 2010, an ultrasound of the left breast was performed as a follow up to the March 9, 2010 mammogram. No biopsies were obtained or performed at this time.

5.

In April and June of 2010, Ms. Honore returned to St. Thomas and was again examined by Chaniel Age, N.P. No biopsies were ordered again. Subsequently, the cysts which were found earlier grew larger and she developed 3 more lumps in the same left axillary area.

6.

Then, in December 2010, a lump under Ms. Honore's left arm in the axillary area again appeared. She returned to the St. Thomas, and insisted on a biopsy. A mammogram was performed, and Ms. Honore was referred to a Doctor of Nursing Practice at the Louisiana Breast and Cervical Health Program. She was then referred to Dr. Steven H. Jones at Tulane University Medical Center.

**7.**

On or about December 16, 2010, plaintiff, Ms. Honore finally underwent a biopsy at Tulane University Hospital and Clinic ordered by Dr. Steven Jones, Surgeon. Dr. Jones obtained a left axillary core biopsy that demonstrated invasive high-grade carcinoma in the background of fibrosis and reactive lymphocytes. She was diagnosed with Stage 2 Breast Cancer at this time.

**8.**

Finally a PET/CT Scan was ordered and performed on January 7, 2011 and an ultrasound on January 11, 2011.

**9.**

On January 24, 2011, Ms. Honore had surgery performed by Dr. Steven Jones at Tulane Medical Center. Dr. Jones did a left partial mastectomy with axillary dissection, placement of venous access devise using reservoir, ultrasound guidance, flouro, and subcutaneous tunnel. During this surgery a large specimen was obtained and sent to pathology.

**10.**

Plaintiff had to receive numerous chemotherapy treatments after her partial mastectomy.

**11.**

Plaintiffs, on information and belief, avers that defendants, St. Thomas; any and all employees of St. Thomas; any and all contract health care service providers of St. Thomas; Mary M. Abell, M.D. Chaniel Age, N.P.; and M. Jane Clayton, M.D. were negligent in the following inclusive, but not necessarily exclusive list of particulars:

- A. Failure to properly diagnosis Ms. Honore's breast cancer and treat it in a timely manner;
- B. Failure to follow up on Ms. Honore's complaints of the lumps under her left arm;
- C. Failure to properly follow the necessary and appropriate steps to diagnosis Ms. Honore's condition;
- D. Failure to perform appropriate diagnostic tests on plaintiff and to do so timely;
- E. Failure to perform appropriate medical procedures on Ms. Honore;
- F. Any and all other acts of negligence which will be proven at the time of trial of this matter; and,
- G. Any and all other unnamed and/or unknown acts of negligence which are found after discovery is completed.

**12.**

Defendant, St. Thomas, is liable under a theory of *respondeat superior*, including, but not limited to:

A. Inappropriate treatment by its employees and/or contract employees;

B. Failure to evaluate, supervise and/or monitor the actions and care rendered by its physicians, nurses, radiologists and any and all other staff and/or personnel who treated and cared for Ms. Honore;

C. Failure to staff its medical facility with competent and skillful physicians, nurses, support staff, radiologists and any and all other staff and/or personnel;

D. Failure to ensure that its physicians, nurses, radiologists, staff and personnel followed all guidelines, policies and procedures of their facility;

E. Failure on the part of its employees and/or contract personnel to take necessary and/or appropriate steps to timely treat plaintiff's condition properly;

F. Any and all other acts of negligence which will be proven at the time of the trial of this matter; and,

G. Any and all other unnamed and/or unknown acts of negligence which are found after discovery is completed.

**13.**

As a result of defendants' actions and/or inactions, plaintiff, Sheila T. Honore, was caused severe and painful person injuries and had to undergo surgery, chemotherapy and medical procedures and incurred additional medical expenses.

**14.**

As a result of the defendants' negligence enumerated hereinabove, petitioner is entitled to reasonable damages.

**15.**

Petitioner, Sheila T. Honore, itemizes her damages as follows:

1. Past, present and future disability;

2. Past, present and future mental and physical pain and suffering;

3. Loss of earnings;

4. Loss to enjoyment of life;

5. Past, present and future disfigurement; and,

6. Past, present and future medical expenses.

**16.**

Petitioner alleges that the Louisiana Medical Malpractice Act as stated in LSA-R.S. 40:1299, *et seq.* is unconstitutional and petitioner doe not waive any rights toward it unconstitutionality. Petitioner also alleges that specific "limitation of recovery" provisions of this statute are unconstitutional. These are unconstitutional based on the "access to the Courts", "due process" and "equal protection" clauses as well as other clauses of the Constitution of the State of Louisiana.

**17.**

James D. Calwell, Attorney General for the State of Louisiana, insofar as to the allegations of unconstitutionality of LSA-R.S. 40:1299.41, *et seq.*; and in accordance with the requirements of LSA-C.C.P. 1880 should be served with a copy of this petition.

**WHEREFORE**, petitioner, Sheila T. Honore prays that defendants, St. Thomas Community Health Center, Inc.; any and all employees of St. Thomas Community Health Center, Inc.; any and all contract health care service providers of St. Thomas Community Health Center, Inc.; The State of Louisiana, Through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and the Louisiana State University School of Public Health; Louisiana Department of Health and Hospitals; Mary M. Abell, M.D.; Chaniel Age, N.P.; and M. Jane Clayton, M.D. be served with a copy of this petition and duly cited to appear and answer same, and that after due proceedings are had, that there be judgment rendered in favor of petitioner, Sheila T. Honore and against defendants jointly and/or severally for an amount reasonable on the premises for legal interest from the date of filing of this complaint seeking medical review panel and until paid and for all costs of these proceeding and attorney's fees and all general and equitable relief as shown by law.

Respectfully Submitted,

ALLAN BERGER & ASSOCIATES, P.L.C.

ALLAN BERGER (Bar No. 2977)
ANDREW J. GEIGER (Bar No. 32467)
NORMAN F. HODGINS III (Bar No. 29909)
4173 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 486-9481
**Attorneys for Plaintiff, Sheila T. Honore**

SEE NEXT PAGE FOR SERVICE INSTRUCTIONS:

5

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**PLEASE SERVE:**

ST. THOMAS COMMUNITY HEALTH CENTER, INC.
Through their agents for service,
Donald T. Erwin
Christine Foerstner
1020 St. Andrew St.
New Orleans, LA 70130


MARY M. ABELL, M.D.
1020 St. Andrew St.
New Orleans, LA 70130


CHANIEL AGE, N.P.
1020 St. Andrew St.
New Orleans, LA 70130


M. JANE CLAYTON, M.D.
1020 St. Andrew St.
New Orleans, LA 70130


STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE AND LOUISIANA STATE UNIVERSITY SCHOOL OF PUBLIC HEALTH
Through its agent for service of process,
James D. Caldwell, Attorney General
Louisiana Department of Justice
1885 North 3rd St.
Baton Rouge, LA 70802


STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE AND LOUISIANA STATE UNIVERSITY SCHOOL OF PUBLIC HEALTH
Through the Office of Risk Management
Bud Thompson, Director
1201 North 3rd St., Suite G-192
Baton Rouge, LA 70802


STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE AND LOUISIANA STATE UNIVERSITY SCHOOL OF PUBLIC HEALTH
LSU Board of Supervisors
Garrett Danos, Chairman
13083 Highway 308
LaRose, LA 70373


LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS
Through their Secretary,
Bruce D. Greenstein
628 N. 4th St.
Baton Rouge, LA 70802

6