UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA HONORE | CIVIL ACTION |
| VERSUS | NO. 12-1407 |
| ST. THOMAS COMMUNITY HEALTH CENTER, ET AL | SECTION: A(1) |

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff Sheila Honore. This motion was set for hearing on July 18, 2012, and is before the Court on the briefs. For the following reasons, the motion is **DENIED**.

**I. BACKGROUND**

Plaintiff Sheila Honore is a former patient of Defendant St. Thomas Community Health Center ("Health Center"), which employs Defendants Mary M. Abell, M.D. ("Dr. Abell"), and Chaniel Age ("Nurse Age").[1] According to Plaintiff, she consistently underwent regular breast examinations, mammograms, and ultrasounds at the Health Center during her time as a patient there. Plaintiff alleges that in March of 2010, she developed a lump under her left arm and immediately notified Defendant Age, who is a nurse practitioner employed at the Health Center. Defendant Age examined Plaintiff and allegedly told her that the lump was nothing to worry about. On March 9, 2010, Plaintiff was sent for a mammogram; a week later, an ultrasound of her left breast was

---

[1] The Health Center was sponsored by the Louisiana State University School of Public Health at the time Plaintiff's alleged injuries occurred. LSU School of Public Health and and the Health Center were overseen by the Louisiana Department of Health and Hospitals. See Pl. Complaint, ¶¶ 3-4.

1

performed as a follow-up to the mammogram.  Plaintiff asserts that Defendants did not request or perform a biopsy at that time.

According to Plaintiff, though she returned to the Health Center in both April and June of 2010 and was again examined by Defendant Age, Defendants did not perform a biopsy.  Plaintiff alleges that the lump under her left arm grew larger over time, and that she subsequently developed three more lumps in the same area.  Plaintiff asserts that she again returned to the Health Center and insisted on having a biopsy.  On December 16, 2010, Plaintiff underwent a biopsy at Tulane University Hospital and Clinic, which revealed invasive high-grade carcinoma in the background of fibrosis and reactive lymphocytes.  Plaintiff was diagnosed with Stage 2 breast cancer.  Plaintiff's treatment has since included a left partial mastectomy with axillary dissection and numerous chemotherapy treatments.

On December 13, 2011, Plaintiff filed a medical malpractice claim in the Civil District Court for the Parish of Orleans against the Health Center and the employees who treated her there.  Her claims are based on Defendants' alleged failure to, *inter alia*: properly diagnose her breast cancer and treat it in a timely manner; follow up on her complaints regarding the lumps under her left arm; properly follow the necessary and appropriate steps to diagnose her condition; perform appropriate diagnostic tests in a timely manner; and perform appropriate medical procedures.

On June 1, 2012, Defendants removed this matter to the United States District Court for the Eastern District of Louisiana on the basis of federal question jurisdiction.  Defendants assert that the instant case is an action against employees of the United States or agencies thereof for acts under color of such office; according to Defendants, by operation of the Federally Supported Health Centers Assistance Act ("FSHCAA")(42 U.S.C. § 233(g)-(n)), they are covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), 2401(b), 2671-80 for the period beginning September 4,

2010 and continuing to date.[2]

Plaintiff now seeks an order remanding the civil action back to state court on the grounds that Defendants' removal is defective. According to Plaintiff's motion, all incidents out of which Plaintiff's claims arise occurred prior to Defendants' eligibility under the FSHCAA. Plaintiff bases her argument for remand on the timing of Defendants' designation by the Secretary of the Department of Health and Human Services ("DHHS") as a Public Health Service ("PHS") employee covered by the FTCA under the Westfell Act. Under the Westfell Act, for a federal court to have jurisdiction over alleged acts of malpractice by a federal employee, it must be shown that "the defendant employee was acting within the scope of his office or employment *at the time of the incident out of which the claim arose*." 28 U.S.C. § 2679(d)(1) (Emphasis added).

According to correspondence between Plaintiff's counsel and the Office of the General Counsel of the DHHS dated April 6, 2012, the Health Center was "originally deemed eligible for FTCA coverage effective on January 1, 2011 through December 31, 2012." See Rec. Doc. 6-2. Given that the alleged injuries giving rise to Plaintiff's claims occurred between March 2010 and December 2010, prior to the dates cited in the above-cited correspondence, Plaintiff argues that the FSHCAA does not apply to the instant case. Plaintiff therefore asserts that removal was improper, and moves for dismissal of the federal court suit based on a lack of federal question jurisdiction.

In their opposition, Defendants counter that by operation of the FSHCAA, the Health Center and its employees are indeed covered under the FTCA for the time period at issue in the instant case. Based on a review of the record and applicable case law, as detailed below, the Court finds in favor of the Defendant.

---

[2] The Defendants' notice of removal listed the date of eligibility as September 2, 2010; however, Defendants' opposition to Plaintiff's motion to remand and accompanying documentation confirm that the correct date is in fact September 4, 2010.

**II.     LAW AND ANALYSIS**

  A.     **Removal in general**

"Federal courts are courts of limited jurisdiction." Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S., 362 F.3d 333, 336 (5th Cir. 2004).  As such, federal courts must "presume[ ] that a [suit] lies outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  In a removal action, it is the removing party that "bear[s] the burden of establishing jurisdiction." Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  Because removal raises significant federalism concerns, courts must strictly and narrowly interpret the removal statutes, with any doubt construed against removal and in favor of remand.  Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).

The general removal statute is found at 28 U.S.C. § 1441 and provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a).  Original jurisdiction, in non-maritime claims, lies where the conditions of either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity jurisdiction) are satisfied.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995).  The right of removal is strictly a creature of statute and a suit commenced in state court must stay there until a basis for removal is shown under some act of Congress.  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. R. Co. v. Alexander, 246 U.S. 276, 280 (1918)).  Thus, there can be no removal to federal court based on § 1441(a) in the absence of original jurisdiction whether based on diversity or federal question.

  B.     **Claims Governed by the FTCA**

The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), Pub.L. No.

104-73, 109 Stat. 777 (codified as amended at 42 U.S.C. § 233), makes federally-funded community health centers and their employees, officers, and individual contractors eligible for medical malpractice coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (2000), to the same extent as federal employees of the United States Public Health Service ("PHS").  See 42 U.S.C. § 233(g).  Under the FTCA, the United States is liable for personal injury caused by the negligent or wrongful act or omission of a federal employee under circumstances where the United States, if a private person, would be liable to the Plaintiff according to the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b).

Under the Public Health Service Act ("PHSA"), as amended by the FSHCAA, the FTCA is the exclusive remedy for injuries or death caused by employees of a deemed community health center which occurred on or after January 1, 1993, or when the health center was deemed eligible for coverage.  The FSHCAA allows the government to remove from state court a medical malpractice action filed against a health care practitioner who is "deemed" to be a federal employee.  Id.  Congress enacted the FSHCAA to relieve publicly funded health centers of the burden of rising malpractice insurance costs.  H.R.Rep. No. 104-398, at 5-6 (1995), reprinted in 1995 U.S.C.C.A.N. 767, 769; H.R.Rep. No. 102-823(II), at 5-6 (1992).

A health care practitioner who is employed by or is a contractor for a federally funded health center may be deemed by the government to be an employee of the PHS if a number of conditions are met.  See 42 U.S.C. § 233(h).  Once a health care provider has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted as the defendant and the FTCA provides the exclusive remedy for the health care practitioner's negligence.

See 42 U.S.C. § 233(c), (g).  Moreover, once the Secretary[3] deems a health care practitioner to be an employee of the PHS, "the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding."  42 U.S.C. § 233(g)(1)(F).

In the instant case, the Government has provided ample evidence that Defendants are employees of the PHS for purposes of the FSHCAA and the FTCA.  Attached to the Government's opposition are copies of two "Notice[s] of Deeming Action" in which the DHHS certifies that the Health Center is an employee of the PHS for purposes of the FSHCAA effective September 4, 2010 through December 31, 2012.[4]  See Rec. Doc. 11-1.  According to these notices, the Health Center is entitled to liability protection under the FTCA; the letters state that Section 224 of the PHSA provides liability protection under the FTCA for damage for personal injury, including death, resulting from the performance of medical related functions.  Id.

The Government also submits a declaration from Erica Gibson, an attorney with the DHHS, stating that agency records show that Plaintiff's counsel filed an administrative tort claim with DHHS on April 2, 2012.  See Rec. Doc. 11-2.  Ms. Gibson testified that, in connection with that administrative tort claim, DHHS issued correspondence to Plaintiff's counsel dated April 6, 2012, *stating in error* that the FTCA was first deemed applicable to the Health Center on January 1, 2011.  Id.  (Emphasis added)  Ms. Gibson stated that the correct date that the Health Center and its employees were first deemed subject to the FTCA is, in fact, September 4, 2010, as asserted by Defendants and demonstrated by the above-mentioned Deeming Notices.

---

[3]  All references to the "Secretary" are to the Secretary of the DHHS.  See 42 U.S.C. § 201(c).

[4]  The Associate Administrator of the Bureau of Primary Health Care of the DHHS has the statutory authority under 42 U.S.C. § 233(g) to deem entities to be PHS employees protected by the provisions of the FTCA.

According to Ms. Gibson, official agency records establish that Defendants' malpractice coverage under the FTCA has continued without interruption since September 4, 2010; however, acts or omissions that occurred prior to September 4, 2010 are not covered under the statute. Id.

### III.     CONCLUSION

Agency records indicate that Defendants were deemed eligible for FTCA coverage at the time of the alleged injuries at issue in the instant case. Therefore, this action is properly brought under the FTCA, a federal statute, and this Court has jurisdiction.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 13)** is hereby **DENIED.**

This 2nd of August, 2012.

Judge Jay C. Zainey
United States District Court