UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA HONORE | CIVIL ACTION |
| VERSUS | NO. 12-1407 |
| ST. THOMAS COMMUNITY HEALTH CENTER, ET AL | SECTION: A(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Parties (Rec. Doc. 12)** filed by the Assistant United States Attorney. This motion was set for hearing on August 1, 2012, and is before the Court on the briefs. For the following reasons, the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff Sheila Honore is a former patient of Defendant St. Thomas Community Health Center ("Health Center"), which employs Defendants Mary M. Abell, M.D. ("Dr. Abell"), and Chaniel Age ("Nurse Age").[1] According to Plaintiff, she consistently underwent regular breast examinations, mammograms, and ultrasounds at the Health Center during her time as a patient there. Plaintiff alleges that in March of 2010, she developed a lump under her left arm and immediately notified Defendant Age, who is a nurse practitioner employed at the Health Center. Defendant Age examined Plaintiff and allegedly told her that the lump was nothing to worry about. On March 9, 2010, Plaintiff was sent for a mammogram; a week later, an ultrasound of her left breast was

---

[1] The Health Center was sponsored by the Louisiana State University School of Public Health at the time Plaintiff's alleged injuries occurred. LSU School of Public Health and and the Health Center were overseen by the Louisiana Department of Health and Hospitals. See Pl. Complaint, ¶¶ 3-4.

1

performed as a follow-up to the mammogram.  Plaintiff asserts that Defendants did not request or perform a biopsy at that time.

According to Plaintiff, though she returned to the Health Center in both April and June of 2010 and was again examined by Defendant Age, Defendants did not perform a biopsy.  Plaintiff alleges that the lump under her left arm grew larger over time, and that she subsequently developed three more lumps in the same area.  Plaintiff asserts that she again returned to the Health Center and insisted on having a biopsy.  On December 16, 2010, Plaintiff underwent a biopsy at Tulane University Hospital and Clinic, which revealed invasive high-grade carcinoma in the background of fibrosis and reactive lymphocytes.  Plaintiff was diagnosed with Stage 2 breast cancer.  Plaintiff's treatment has since included a left partial mastectomy with axillary dissection and numerous chemotherapy treatments.

On December 13, 2011, Plaintiff filed a medical malpractice claim in the Civil District Court for the Parish of Orleans against the Health Center and the employees who treated her there.  Her claims are based on Defendants' alleged failure to, *inter alia*: properly diagnose her breast cancer and treat it in a timely manner; follow up on her complaints regarding the lumps under her left arm; properly follow the necessary and appropriate steps to diagnose her condition; perform appropriate diagnostic tests in a timely manner; and perform appropriate medical procedures.

On June 1, 2012, Defendants removed this matter to the United States District Court for the Eastern District of Louisiana on the basis of federal question jurisdiction.  Defendants assert that the instant case is an action against employees of the United States or agencies thereof for acts under color of such office; according to Defendants, by operation of the Federally Supported Health Centers Assistance Act ("FSHCAA")(42 U.S.C. § 233(g)-(n)), they are covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), 2401(b), 2671-80 for the period beginning September 4,

2010 and continuing to date.[2]

In its order of August 2, 2012, the Court denied Plaintiff's motion to remand the civil action to state court. **(Rec. Doc. 14)** Defendants presented Department of Health and Human Services (DHHS) records indicating that Defendants were deemed eligible for FTCA coverage at the time of the alleged injuries at issue in the instant case. Therefore, the Court held that this action was properly brought under the FTCA, a federal statute.

In the instant motion, the United States moves to dismiss the named Defendants, the St. Thomas Community Health Center and its employees, including Mary M. Abell, M.D., and Chaniel Age, N.P., based on lack of subject matter jurisdiction. The United States further moves the Court to substitute in place of the federal defendants, for the time period following September 4, 2010, the United States of America, as the sole proper party federal defendant in this case. For the following reasons, the motion is **GRANTED**.

## II.    LAW AND ANALYSIS

The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), Pub.L. No. 104-73, 109 Stat. 777 (codified as amended at 42 U.S.C. § 233), makes federally-funded community health centers and their employees, officers, and individual contractors eligible for medical malpractice coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (2000), to the same extent as federal employees of the United States Public Health Service ("PHS"). See 42 U.S.C. § 233(g). Under the FTCA, the United States is liable for personal injury caused by the negligent or wrongful act or omission of a federal employee under circumstances where the United States, if a private person, would be liable to the Plaintiff according to the law of the place where the act or

---

[2] The Defendants' notice of removal listed the date of eligibility as September 2, 2010; however, Defendants' opposition to Plaintiff's motion to remand and accompanying documentation confirm that the correct date is in fact September 4, 2010.

omission occurred. 28 U.S.C. § 1346(b).

Under the Public Health Service Act ("PHSA"), as amended by the FSHCAA, the FTCA is the exclusive remedy for injuries or death caused by employees of a community health center which occurred on or after January 1, 1993, or when the health center was deemed eligible for coverage. The FSHCAA allows the government to remove from state court a medical malpractice action filed against a health care practitioner who is "deemed" to be a federal employee. Id. Congress enacted the FSHCAA to relieve publicly funded health centers of the burden of rising malpractice insurance costs. H.R.Rep. No. 104-398, at 5-6 (1995), reprinted in 1995 U.S.C.C.A.N. 767, 769; H.R.Rep. No. 102-823(II), at 5-6 (1992).

A health care practitioner who is employed by or is a contractor for a federally funded health center may be deemed by the government to be an employee of the PHS if a number of conditions are met. See 42 U.S.C. § 233(h). Once a health care provider has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted as the defendant and the FTCA provides the exclusive remedy for the health care practitioner's negligence. See 42 U.S.C. § 233(c), (g). Moreover, once the Secretary[3] deems a health care practitioner to be an employee of the PHS, "the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F).

In the instant case, the Government has provided ample evidence that Defendants are employees of the PHS for purposes of the FSHCAA and the FTCA. Attached to the Government's opposition are copies of two "Notice[s] of Deeming Action" in which the DHHS certifies that the Health Center is an employee of the PHS for purposes of the FSHCAA effective September 4, 2010

---

[3] All references to the "Secretary" are to the Secretary of the DHHS. See 42 U.S.C. § 201(c).

through December 31, 2012.[4]  See Rec. Doc. 11-1.  According to these notices, the Health Center and its employees are entitled to liability protection under the FTCA.  Id.

### III.     CONCLUSION

Agency records indicate that Defendants were deemed eligible for FTCA coverage at the time of the alleged injuries at issue in the instant case.  Because the Health Center and its employees have been deemed federal employees acting within the scope of their employment duties, the United States must be substituted as the defendant and the FTCA provides the exclusive remedy for any negligence.  See 42 U.S.C. § 233(c), (g).

Accordingly;

**IT IS ORDERED** that the United States' **Motion to Dismiss (Rec. Doc. 12)** is **GRANTED**.  The Health Center and its employees are hereby dismissed from the instant action, and United States is substituted as the sole federal defendant.

This 8th of August, 2012.

Judge Jay C. Zainey
United States District Court

---

[4] The Associate Administrator of the Bureau of Primary Health Care of the DHHS has the statutory authority under 42 U.S.C. § 233(g) to deem entities to be PHS employees protected by the provisions of the FTCA.